## Case No. 297.

### AMERICAN DIAMOND ROCK BORING CO. v. SHELDON et al.

[17 Blatchf. 303; 4 Ban. & A. 603.][1]

Circuit Court, D. Vermont. Nov. 12, 1879.

PATENTS FOR INVENTIONS—TIME OF EXPIRATION—BURDEN OF PROOF.

1. Letters patent for an invention were granted in England, dated September 3d, 1862. The specification was filed in the great seal patent office there, March 3d. 1863. Letters patent for the same invention were granted by the United States, July 14th, 1863. for 17 years. The date of the application for the United States patent was not shown: Held, that the date of the filing of the specification in England must be taken as the date of the patenting in England, for the purposes of section 6 of the act of March 3, 1839, (5 Stat. 353.)

2. The invention was, therefore. not patented in England more than six months before the United States patent was applied for, and so the act of 1839 did not apply, and the United States patent was valid for 17 years from July 14th, 1863.

3. The burden of proof is upon a party who claims that a patent should be limited in duration, to show the facts which would limit it.

[In equity. Suit by the American Diamond Rock Boring Company against Charles Sheldon and others to enjoin infringement of letters patent, No. 39.235, reissue No. 3.690, and for an accounting. Decree for complainant. American Diamond Rock Boring Co. v. Sheldon, Case No. 296. Complainant moves for an injunction, and defendants object on the ground that the patent has expired. Objection overruled. For subsequent history of litigation, see statement to and note at end of same case.]

Charles F. Blake, for complainant.

E. J. Phelps and W. G. Veazey, for defendants.

WHEELER. District Judge. This cause has been further heard upon a motion of the plaintiff for an injunction, which is opposed on the ground that the patent has expired. The patent was granted July 14th, 1863, for seventeen years, and would expire, according to its own terms, July 14th, 1880. English letters patent for the same invention were granted, dated September 3d, 1862, pursuant to which the specification was filed in the great seal patent office, March 3d, 1863. The act of July 4, 1836, § 7, (5 Stat. 119,) provided for issuing patents if the inventions had not been patented or described in any printed

[1][Reported by Hon. Samuel Blatchford, Circuit Judge; reprinted in 4 Ban. & A. 603; and here republished by permission.]

publication in this or any foreign country, but, (section 8.) that nothing in that act should deprive an inventor of the right to a patent by reason of his having previously taken out letters patent in a foreign country, and the same having been published, at any time within six months next preceding the filing of his specification. The act of March 3, 1839, § 6, (5 Stat. 354,) provided that no person should be debarred from receiving a patent for an invention by reason of the same having been patented in a foreign country more than six months prior to his application, but that, in all cases, every such patent should be limited to the term of fourteen years from the date or publication of such foreign letters patent. Patents were, at that time, granted for fourteen years, and might be extended seven years more. By the act of March 2, 1861, § 16, (12 Stat. 249,) all patents thereafter granted were to remain in force seventeen years, without extension. In Weston v. White, [Case No. 17,458,] it was held, that the effect of the act of 1861 was to change the term of fourteen years to seventeen, as well in respect to patents limited by prior foreign patents, as in respect to others. The defendants claim, that, under these statutes and that holding, this patent is limited to seventeen years from the date of the English patent, which would expire September 3d, 1879, or, at least, to seventeen years from the filing the full specification of that patent, which would expire March 3d, 1880. The plaintiff insists that it is not limited by that patent at all. The act of 1839, by its express terms, applies only to patents for inventions patented in some foreign country more than six months prior to the application for a patent in this country. The date of the application in this country does not appear, but it must have been earlier than the date of the patent, or fully as early. Assuming that it was co-eval with the patent, then the question arises whether the invention was patented in England more than six months before that. The English patent was dated more than six months before, but the full specification was not filed until within six months before. English patents are granted upon condition that a full specification shall be filed at some time within six months from the date. Agn. Pat. 322; Woodbury, J., in Hogg v. Emerson, 6 How. [47 U. S.] 479. As said by Grose, J., in Hornblower v. Boulton, 8 Durn. & E. [Term R.] 105, the English patent was nothing without the specification, and the patentee could gain no advantage by it. The question is, was it patented there before the specification was filed. In Howe v. Morton, [Case No. 6,769,] it was held, in an elaborate opinion, that an invention was not patented abroad until there was a full and perfected patent. And, in Smith v. Goodyear Dental Vulcanite Co., 93 U. S. 486, the question seems to be settled, or treated as settled before, in the same way. Mr. Justice Strong

said, page 498: "Of the English patent of Charles Goodyear it is enough to say, that, though the provisional specification was filed March 14th, 1855, the completed specification was not until the 11th of September following. It was, therefore, on the last mentioned date that the invention was patented." So, this patent does not depend at all upon the act of 1839. It was grantable under the provisions of the act of 1836, without resorting to the act of 1839, and does not come within the latter act. By the terms of the two acts, inventions patented abroad more than six months before were limited to fourteen years from the date or publication of the foreign patent, while those patented abroad within six months before were not affected at all by the foreign patent. This patent is one of the latter class, and, so far as now appears, is good for the term of seventeen years from its date, under the act of 1861. In Weston v. White. [Case No. 17,458,] the foreign patent was several years before the application in this country.

This case, as it now stands upon this question, is open to the further remark, that the act of 1839 applied only to patents for inventions patented in a foreign country more than six months prior to the application for the patent here. As the date of the application does not appear apart from the date of the patent, it does not appear that the date of, or the application for, the English patent was more than six months, or any other space of time, prior to the application here, unless the date of the patent is to be taken as the date of the application, upon this question. Upon a question of priority of invention, the presumption, in the absence of proof, would be, that the application was of the same date as the patent; but there the burden of proof would be upon the party claiming a prior application describing the invention, to show it. Here, the burden rests upon the party claiming that the patent should be limited, to show the facts which would limit it. This would include showing the application, and that the invention was patented abroad more than six months prior to it. These essential facts, necessary to limit this patent, are lacking, so far as the English patent is concerned; and, as that is the only foreign patent shown by the record, for this invention, they are lacking, so far as this question, as now presented, is concerned. These considerations obviate all necessity for considering the question as to whether the term of the patent would begin to run from the date of the English patent, or from the time of the filing the full specification under it, which would arise, if this patent came within the act of 1839, and was supposed to arise, until the connection and application of that act were particularly noticed. This objection is overruled, but the injunction is withheld to await the decision on a motion made by the defendants in respect to the French patent.